# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **CHRISTINE D. DRAKE,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | Civ. No.: 2:20-cv-02076-ACA |
| ] | |
| **BBVA USA BANCSHARES, INC.,** ] | |
| **et. al,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

Before the court is Plaintiff Christine D. Drake's motion to dismiss this action without prejudice under Federal Rule of Civil Procedure 41(a)(2). (Doc. 115). Defendant BBVA USA Bancshares, Inc. ("BBVA") and Defendants Rosilyn Houston, Shane Clanton, Javier Hernandez, Kirk Presley, Celia Niehaus, Joe Cartee, and Jim Heslop (the "Individual Defendants") oppose the motion in part. (Docs. 117, 118). The court **GRANTS** Ms. Drake's motion to voluntarily dismiss this action and **WILL DISMISS** this action **WITHOUT PREJUDICE**, with the condition that she may never re-file this action as a named plaintiff against these Defendants. If Ms. Drake violates this condition, she will be required to pay the costs and attorneys' fees associated with Defendants' defense of this action.

## I. BACKGROUND

In July 2019, two plaintiffs filed a putative class action against BBVA and several related entities for breach of their fiduciary duties in selecting and maintaining investments in an employee pension benefit plan. (*Ferguson v. BBVA Compass Bancshares, Inc.*, N.D. Ala. no. 2:19-cv-01135-MHH, Doc. 1).[1] In September 2019, the BBVA entities moved to dismiss that action for failure to exhaust administrative remedies. (*Ferguson* Doc. 14). In May 2020, the judge presiding over the *Ferguson* action denied the motion to dismiss. (*Ferguson* Doc. 23). After the BBVA entities filed various motions related to the denial of their motion to dismiss (*Ferguson* Docs. 26, 27, 29, 30, 32), Ms. Drake—represented by the same attorney as the *Ferguson* plaintiffs—filed her complaint in this action, naming as defendants one of the BBVA entities, the Individual Defendants, and Envestnet Asset Management, Inc. (Doc. 1). She then moved to consolidate the two actions. (Doc. 9); (*Ferguson* Doc. 35).

After the *Ferguson* court ruled on the BBVA entities' various motions (*see Ferguson* Doc. 41), and while the motion to consolidate was pending in both cases, Ms. Drake and the *Ferguson* plaintiffs filed amended complaints (*Ferguson* Doc. 49); (Doc. 25). The amendment to the *Ferguson* complaint added the Individual

---

[1] For ease of reference, the court will cite to documents from the *Ferguson* case as "*Ferguson* Doc. ___." The court will cite to documents from this case as "Doc. ___."

2

Defendant and Envestnet. (*Ferguson* Doc. 49); (Doc. 25). After amendment, the two cases assert the same claims against the defendants, albeit by different named plaintiffs.

In April 2021, BBVA and the Individual Defendants answered the amended complaint in this action. (Docs. 35, 36). Envestnet moved to dismiss the claims against it in this case. (Doc. 37). While the parties were briefing Envestnet's motion, BBVA, on its own initiative, filed the entire administrative record and moved for judgment on the administrative record. (Docs. 49–92, 94). This court ultimately granted Envestnet's motion to dismiss (docs. 108, 109), and declined to rule on the motion to consolidate (doc. 110). The judge presiding over the *Ferguson* case soon followed suit, granting a motion to dismiss filed by Envestnet (*Ferguson* docs. 64, 65), and denying consolidation (doc. 66).

In September 2021, this court struck the administrative record and denied as premature BBVA's motion for judgment on the record because BBVA filed the administrative record despite Ms. Drake's statement that she could not confirm or deny the completeness or accuracy of the record. (Doc. 111). The court then entered its ERISA initial order and instructed the parties to confer and file a report of parties planning. (*Id.*; Doc. 112). The parties separately filed reports (docs. 113, 114), followed by Ms. Drake's partially opposed motion to voluntarily dismiss this action (doc. 115).

## II. DISCUSSION

Rule 41(a)(2) permits the court to dismiss an action at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986) (emphasis omitted).  If deciding whether to the grant the motion, the court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 857.

BBVA does not oppose the dismissal of Ms. Drake's case without prejudice, but seeks to condition the dismissal on Ms. Drake's payment of costs and attorneys' fees.  (Doc. 117 at 1–2).  The Individual Defendants ask that the court dismiss Ms. Drake's case with prejudice.  (Doc. 118 at 2).  In the alternative, the Individual Defendants ask for the court to condition dismissal without prejudice on payment of attorneys' fees and costs.  (*Id.*).

1. Dismissal With Prejudice

The Individual Defendants contend that dismissal with prejudice is appropriate because dismissing the case without prejudice will permit Ms. Drake to "evade deferential review of her claims on a more complete administrative record." (*See* Doc. 118 at 8).  They also argue that a dismissal without prejudice would

prevent them from seeking an award of attorneys' fees under 29 U.S.C. § 1132(g). (*Id.* at 8–9). Ms. Drake opposes a dismissal with prejudice on the ground that it may preclude her from being a part of the putative class in *Ferguson*, but she does not oppose conditioning the dismissal on an order she cannot re-file this lawsuit. (Doc. 121 at 2).

The Individual Defendants have not persuaded the court that they will suffer clear legal prejudice if Ms. Drake is permitted to dismiss this case and proceed as a putative class member in *Ferguson*. They appear to argue that the *Ferguson* case may involve a less deferential standard of review than would be applicable in this case. (Doc. 118 at 7–8). But they do not explain why they believe a different standard applies when the *Ferguson* case asserts the same claims as this case.

The Individual Defendants also argue that the administrative record in this case is more complete than the administrative record in *Ferguson* because Ms. Drake fully exhausted her remedies while the *Ferguson* plaintiffs abandoned their administrative appeals in favor of litigation. (Doc. 118 at 8). Even assuming this constitutes prejudice, the Individual Defendants have not established that the prejudice is clear, where Ms. Drake is dismissing her individual lawsuit so that she can join an earlier filed putative class action for which a class has not even been certified. *See, e.g.*, *McCants*, 781 F.2d at 858 (holding that a district court did not abuse its discretion by permitting dismissal without prejudice of "an action that is

5

time-barred as brought, where the purpose of effect of such dismissal is to allow the plaintiff to refile the action in a place or manner in which it is not similarly barred"); *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 367–69 (5th Cir. 1967)[2] (holding that a district court abused its discretion by dismissing a case with prejudice when, on the first day of trial, the plaintiff moved to the amend the complaint based on new evidence, the court denied the motion to amend, and the plaintiff stated that he could not proceed to trial).

Finally, the Individual Defendants contend that the dismissal of this action will preclude them from pursuing their statutory right to seek attorneys' fees under 29 U.S.C. § 1132(g). Section 1132(g) permits the court "in its discretion" to "allow a reasonable attorney's fee and costs of action to either party." Eligibility for an award of attorneys' fees under § 1132(g) requires a fee claimant to demonstrate "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010) (quotation marks omitted). The Eleventh Circuit has held that "[e]ven if we assume that a meritorious claimant's loss of a right to statutory attorney's fees constitutes legal prejudice, it cannot constitute clear legal prejudice unless it is in turn clear that the claimants would indeed [be entitled to attorneys' fees] were the action litigated to judgment." *United States v. $70,670.00 in U.S.*

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

6

*Currency*, 929 F.3d 1293, 1302 (11th Cir. 2019) (quotation marks and citation omitted). The Individual Defendants have not shown that, if the case proceeded to a final merits determination, they would be entitled to attorneys' fees under ERISA, so they cannot show that the loss of the opportunity to seek attorneys' fees under ERISA is clear legal prejudice.

The court will not grant the Individual Defendants' request to dismiss the action with prejudice. However, the court will impose the condition Ms. Drake proposes in her reply. (*See* Doc. 121 at 2). Ms. Drake may never re-file this action as a named plaintiff against these Defendants. If she does, she will be required to pay the costs and attorneys' fees associated with Defendants' defense of this action. These conditions will not preclude her from qualifying as a member of any class certified in *Ferguson*, if such a class is certified and she otherwise meets the conditions to be a member of the class.

    2. Other Conditions of Dismissal

Both BBVA and the Individual Defendants ask that, if the court dismisses this action without prejudice, the court grant them attorneys' fees. (Doc. 117 at 2; Doc. 118 at 9–10). BBVA argues that it invested money in defending this action because it "consulted Plaintiff's counsel about the full administrative record in April, before it filed the 32,650-page record and moved for judgment." (Doc. 117 at 2). The Individual Defendant argue that they incurred substantial fees by filing an answer to

the amended complaint and by "preparing their own motion for judgment on the administrative record." (Doc. 118 at 10).

In granting a motion to voluntarily dismiss an action, the court may impose "terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Conditions can include costs and attorneys' fees. *See McCants*, 781 F.2d at 860. In determining what, if any, conditions to impose, the court must "weigh the relevant equities and do justice between the parties." *Id.* at 857.

The court does not find that an award of attorneys' fees or costs is appropriate in this case. Although Ms. Drake filed the action in December 2020, the case is still at an early stage—the parties only recently filed unilateral reports of parties' planning, and the court has not even entered a scheduling order. Moreover, this court already found that BBVA prematurely filed the administrative record and its motion for judgment on the record, despite knowing that Ms. Drake could not confirm or deny the completeness and accuracy of the record. (Doc. 111). And given the similarities between the *Ferguson* operative complaint and the operative complaint in this case, the Individual Defendants have not persuaded the court that drafting an answer in this case caused them to incur costs they would not have incurred in *Ferguson*. The court concludes that the conditions already imposed are sufficient to balance the equities in this case.

### III. CONCLUSION

The court **WILL GRANT** Ms. Drake's motion to voluntarily dismiss this action and **WILL DISMISS** this action **WITHOUT PREJUDICE**, with the condition that Ms. Drake may not re-file this action as a named plaintiff against these Defendants. If Ms. Drake violates this condition, she will be required to pay the costs and attorneys' fees associated with Defendants' defense of this action. These conditions will not preclude her from qualifying as a member of any class certified in *Ferguson*, if such a class is certified and she otherwise meets the conditions to be a member of the class.

**DONE** and **ORDERED** this October 27, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE